IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARK THEODORIDIS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:10-CV-497 |
| | § | |
| BALBOA INSURANCE COMPANY, | § | |
| | § | |
| Defendant | § | |

## NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. § 1441 (DIVERSITY)

Pursuant to 28 U.S.C. §1441, Defendant Balboa Insurance Company ("Balboa") removes this action to the United States District Court for the Southern District of Texas, Galveston Division. The basis for removal is that diversity jurisdiction exists.

### I. BACKGROUND

1. On or about September 13, 2010, Plaintiff filed his original petition in a lawsuit styled *Mark Theodoridis vs. Balboa Insurance Company*, Cause No. 10-CV-3155. The case was assigned to the 212th Judicial District Court of Galveston County, Texas, and is hereafter referred to as "the state court action." True and correct copies of all of the state court process, pleadings, and orders within the scope of Local Rule LR 81 are attached to this notice.

2. Plaintiff's Original Petition asserts that Defendant committed various wrongful acts during its investigation, processing and payment of an insurance claim made by Plaintiff. However, the insurance policy on which Plaintiff bases his causes of action does not provide any coverage to him.

-2-

3. To briefly summarize the factual context of this lawsuit, Plaintiff did not purchase any insurance coverage for his home -- despite the fact that various mortgage loan documents contractually obligated him to do so. Therefore, the holder of Plaintiff's mortgage loan was forced to purchase an insurance policy in order to protect its interest in the property. Plaintiff is not an insured under this policy, nor does he qualify as a third party beneficiary of the policy. Balboa has no duties or obligations to Plaintiff pursuant to the policy, and therefore has neither contractual liability nor extra-contractual liability to Plaintiff. The policy does not, and was not intended to, insure or otherwise protect any alleged interest of Plaintiff. On the contrary, the policy does, and was intended to, insure and otherwise protect only the secured interest of the holder of Plaintiff's mortgage loan.

4. In addition, Plaintiff also received a "Certificate of Coverage Placement" and a "Notice of Premium." Like the terms of the applicable insurance policy, the Certificate of Coverage Placement explicitly states that the policy upon which Plaintiff bases his claims "will **only** protect [Countrywide Home Loans'] interest in your property," and, consequently, that "[i]n the event of a claim, all payments will be made to Countrywide Home Loans." (Emphasis in original). Similarly, the Notice of Premium contains the following "Important Notice" printed in all capital and bold letters:

> "THIS POLICY DOES NOT PROVIDE CONTENTS COVERAGE, PROPERTY DAMAGE LIABILITY COVERAGE, BODILY INJURY LIABILITY COVERAGE, MEDICAL PAYMENT COVERAGE OR ANY OTHER FORM OF WORKERS COMPENSATION COVERAGE. THE POLICY PROTECTS ONLY THE MORTGAGEE'S INTEREST IN THE DESCRIBED LOCATION. YOU ARE NOT AN INSURED UNDER THIS POLICY, AND YOU ARE NOT ENTITLED TO RECEIVE THE PROCEEDS FROM THIS POLICY IN THE EVENT OF LOSS OR DAMAGE TO YOUR PROPERTY."

5. Plaintiff had ample opportunity to purchase insurance coverage for his home and personal property; in fact, he was contractually obligated to do so. For unknown reasons, Plaintiff made a decision not to purchase insurance coverage. Accordingly, Plaintiff has no standing to bring this lawsuit, has no rights under the applicable policy, and is not entitled to benefits pursuant to this policy.

6. Federal jurisdiction is based upon complete diversity of citizenship in accordance with 28 U.S.C. §1332. There is complete diversity among the parties properly joined in this action both at the time that Plaintiff filed the state court action, and at the time of removal.

7. The first defendant to be served in the state court action was served on October 5, 2010.

## II. GROUNDS FOR DIVERSITY JURISDICTION

8. Removal is authorized because the state court action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §1332. In addition, Balboa can remove the state court action to this Court pursuant to 28 U.S.C. §1441(b). The state court action is a civil action between citizens of different states and/or countries and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. CITIZENSHIP OF THE PARTIES

9. On information and belief, based on ¶ 2 of Plaintiff's Original Petition, Plaintiff Mark Theodoridis is now, and was at the time the state court action was commenced, a citizen and a resident of Texas.

10. Defendant Balboa Insurance Company is now, and was at the time the state court action was commenced, a citizen of California. Balboa was and is incorporated in California and its principal place of business was and is in California.

B. **AMOUNT IN CONTROVERSY**

11. Plaintiff's claims against Balboa exceed the sum of $75,000.00, exclusive of interest and costs. Although Plaintiff's Original Petition does not specify the dollar amount of his alleged damages, based on numerous other cases filed by Plaintiff's lawyers in which similar allegations have been made against Balboa and/or other defendants, Plaintiff will claim an entitlement to damages within the jurisdictional limits of this court.

C. **VENUE**

12. The state court action may be removed to the District Court for the Southern District of Texas, Galveston Division, because this is the United States District Court for the district and division within which the state court action was pending. 28 U.S.C. §1446(a).

D. **TIMELY REMOVAL**

13. This notice of removal is timely because it is being filed within thirty days of the date that the first served defendant was served with process. 28 U.S.C. §1446(b).

E. **NOTICE OF FILING**

14. Counsel for Balboa will serve a copy of this notice of removal on counsel for Plaintiff, and will file a copy with the clerk of the 212th Judicial District Court of Harris County, Texas, where the state court action was pending, in accordance with the provisions of 28 U.S.C. §1446(d).

F. **CONSENT TO REMOVAL**

15. All properly joined defendants that have been served as of the date of this filing consent to and join in this removal.

G.     **COMPLIANCE WITH LOCAL RULES**

16.     Pursuant to LR 81, all executed process in the case is attached as Exhibit A; all pleadings asserting causes of action and all answers to these pleadings are attached as Exhibit B; all orders signed by the state judge are attached as Exhibit C; the state court docket sheet is attached as Exhibit D; an index of matters being filed is attached as Exhibit E; and a list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit F.

### III. CONCLUSION

17.     Balboa removes this action from the 212th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division; requests that this Court assume full jurisdiction of this cause as if it had originally been filed here; and also requests that further proceedings in the state court action be stayed. Balboa also respectfully requests any other relief to which it may be entitled.

                  Respectfully submitted,

                  THE LITTLE LAW FIRM, P.C.

                  _/s/ Joseph R. Little_
                  Joseph R. Little
                  State Bar No. 00784483
                  Southern District of Texas Bar No. 15972
                  1301 McKinney Street, Suite 3010
                  Houston, Texas 77010
                  (713) 222-1368 - Telephone
                  (281) 200-0115 - Facsimile

                  Attorney in Charge for Defendant Balboa Insurance Company

-6-

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 4th day of November, 2010.

_____
Joseph R. Little